MR. JUSTICE WEBER,
dissenting:
I would reverse the District Court because I conclude there was not sufficient evidence to support a punitive damage award of $300,000.
*460 As stated in the majority opinion, the question is whether there was sufficient evidence to submit the issue of punitive damages to the jury. The majority concluded that a review of the evidence in a light most favorable to the Dunfees resulted in a conclusion that a jury question had been raised as to fraud, oppression and malice on the part of Baskin-Robbins. The majority opinion then refers to three factual bases for this conclusion:
(1) According to the Dunfees’ testimony, Baskin-Robbins failed to properly review the Dunfee relocation request and did not attempt to renegotiate the lease;
(2) The Dunfees testified that District Manager Sharon McCarthy of Baskin-Robbins misrepresented material facts with respect to the underlying lease;
(3) In furtherance of District Manager McCarthy’s “vindictive attitude” she refused to deliver any of the facts to the Vice President of Baskin-Robbins, the only one who could make a favorable decision for relocation.
I will discuss these in more detail.
With regard to (1), I conclude that the Dunfees did not prove a failure by Baskin-Robbins to review the relocation request. The evidence submitted without contradiction by Baskin-Robbins shows that the relocation request was considered by Sharon McCarthy, the District Manager for Baskin-Robbins, and that she forwarded the information to Division Manager Miller. In turn, Division Manager Miller discussed the move with Mr. Bovshow, Baskin-Robbins’ Real Estate Manager, and they both concluded that the relocation was not a good idea and disapproved it. Mr. Bovshow was the BaskinRobbins representative originally involved in the location of the store in Butte. Even if we accept the testimony of Mrs. Dunfee that she was not told of the possibility of a sublease and of the 5 year termination possibility, the Dunfees have still failed to prove that Baskin-Robbins did not properly consider and reject their request for relocation. I conclude that there is a complete absence of evidence suggesting that Baskin-Robbins failed to properly review the relocation request.
With regard to (2), we have a difficult question because Mrs. Dun-fee did testify that District Manager McCarthy misrepresented the underlying lease and its terms. However, if we start with the premise that Baskin-Robbins has a right to decide whether or not to authorize the change of location, the issue takes on a different light. Unless the majority is concluding that Baskin-Robbins had an obli *461 gation to renegotiate the lease, the misrepresentation of facts is not material. I have concluded that Baskin-Robbins was involved in an arms length transaction under which it properly could refuse to enter into a change of location, and I believe the majority essentially agrees with that conclusion. At that point, I must also conclude that there was no misrepresentation of a fact material to the rights of the Dunfees. Clearly the facts are not of the type sufficient to raise a jury question on fraud, oppression or malice.
With regard to (3), the majority emphasizes that “in furtherance of her vindictive attitude” District Manager McCarthy refused to deliver any of the facts to the Vice President of Baskin-Robbins, the only one who could make a favorable relocation decision. I conclude that is not a correct factual analysis. The record does not in any way indicate that District Manager McCarthy refused to deliver any facts to the vice president of Baskin-Robbins. As district manager she passed this information on to her division manager, Mr. Miller. Mr. Miller in turn discussed the same with the Baskin-Robbins real estate manager, and they disapproved relocation. That determination was within the discretion granted to the division manager and the district manager by Baskin-Robbins. In view of their decision against relocation, there was no reason to pass the information on up the corporate ladder to the vice president. Presentation to the vice president of Baskin-Robbins was required only in the event that the lower level managers concluded that relocation was advisable. I therefore conclude there is a total absence of any proof of a vindictive attitude on the part of the officers or representatives of Baskin-Robbins involved in the failure to pass the information up to the vice president, he being the only one who could make a favorable decision for relocation.
I conclude there is an absence of evidence showing fraud, oppression or malice on the part of Baskin-Robbins. I then conclude the Dunfees failed to meet the minimum standard for proof of punitive damages, and that submission of the punitive damages issue to the jury constitutes reversible error.
I further disagree with the majority opinion in regard to Issue I, which pertains to the instruction on fiduciary duty. Instruction No. 15, which is quoted at length in the majority opinion, is extremely confusing. In this case it is an invitation to error so far as the jury is concerned. There are no facts in the record which warrant an instruction on fiduciary relationship. The majority concludes that even though it may be true that there was no fiduciary relationship, *462 the instructions are not reversible error because they require only an acting in good faith and fair dealing which is appropriate. I do not agree with that conclusion.
Under Instruction No. 15, it is possible that the jury could have concluded that a fiduciary relationship existed between Baskin-Robbins and the Dunfees because of a special confidence imposed in Baskin-Robbins, binding it in equity and good conscience to act in good faith and with due regard to the interests of the Dunfees. That relationship could be found to imply a condition of superiority by Baskin-Robbins over the Dunfees. The second paragraph of the instruction could be interpreted to mean that the fiduciary relationship of Baskin-Robbins exists because there was a reposing of faith, confidence and trust by the Dunfees. The last sentence could allow the jury to conclude that there was a requirement that Baskin-Robbins should act not in its own behalf but in the interest of the Dunfees. That idea is totally inappropriate to an arms length transaction with which we are here involved. I would therefore reverse because of this incomplete and misleading instruction.
I would reverse and remand for new trial.
MR. CHIEF JUSTICE TURNAGE and MR. JUSTICE GULBRANDSON concur.